IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 00-10024-01-WEB |
| ) | |
| GARY A. BANKS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## Memorandum and Order

Defendant Gary A. Banks pled guilty in this court to one count of interstate travel for the purpose of furthering an unlawful activity involving the possession with intent to distribute marijuana, in violation of 18 U.S.C. § 1952(a)(3). On September 29, 2000, the court sentenced Mr. Banks to a term of 60 months' imprisonment, a $100 special assessment, and a 3-year term of supervised release. The defendant completed his sentence of imprisonment and was released to supervision on June 16, 2004. His supervision is due to expire in about a year, on June 15, 2007. The matter is now before the court on the defendant's motion for early termination of supervision pursuant to 18 U.S.C. § 3564(c).

Since his release, the defendant has been supervised by the U.S. Probation Office in the Central District of California, although jurisdiction remains in this district. During that time, the defendant has had no "dirty" urine samples; he has successfully completed his supervision with a substance abuse specialist; he has maintained employment throughout his supervision; he has provided a DNA sample as required; and he has paid his $100 special assessment. Defendant argues these factors warrant an early termination of

supervision. He notes that the United States and the U.S. Probation Office in California do not oppose the instant motion.[1]

The law permits a district court to terminate supervised release in certain circumstances "if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." *See* 18 U.S.C. §§ 3564(c), 3583(e). After reviewing the defendant's circumstances and considering the factors in § 3553(a), the court concludes that the defendant's motion should be denied. Although the defendant has fully complied with the conditions of his supervision, such compliance is expected of all individuals placed on supervision. And given the defendant's past history of substance abuse and his prior convictions for offenses against other persons, the court concludes that continued supervision will help ensure that he is able to continue his recent commendable performance.

*Conclusion*.

Defendant's Motion for Early Termination of Supervised Release (Doc. 90) is DENIED. IT IS SO ORDERED this   18th   Day of July, 2006, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge

---

[1] At the request of the court, the U.S. Probation Office in this district contacted defendant's supervising officer in California, who verified most of the information in the defendant's motion and confirmed that his office did not oppose the defendant's request. He also clarified, however, that his office sometimes does recommend early termination of supervision, but it would not do so in the defendant's case because he did not meet their criteria due to his criminal history, which includes convictions for crimes against a child, domestic violence, battery and drug possession.